# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 21, 2009

Charles R. Fulbruge III
Clerk

No. 08-41201
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TEODORO RIOS-ESPINOZA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Teodoro Rios-Espinoza appeals the sentence imposed following his guilty plea conviction for conspiracy to possess with intent to distribute more than 1,000 kilograms of marijuana, more than 5 kilograms of cocaine, and more than 50 grams of methamphetamine (Count One), and possession of a firearm by a felon (Count Twenty-Seven). Prior to the entry of Rios-Espinoza's guilty plea, the Government electronically filed a notice that it intended to seek enhanced penalties pursuant to 21 U.S.C. § 851, based on Rios-Espinoza's 2003 conviction for possession with intent to distribute 686.14 kilograms of marijuana. Rios-Espinoza acknowledged in the district court that he received the notice, and he

does not now challenge the averments in the notice or the conviction upon which the enhancement was based. Rather, he asserts that district court erred in failing to strike the notice for its failure to comply with the Southern District's local rules and administrative procedures regarding electronic filing. He argues that the Government's notice was electronically filed without the electronic signature notation "/s/" as required by the local rules and therefore "did not constitute a filing of the document for purposes of the Federal Rules of Civil and Criminal Procedure."

The Government's compliance with § 851 is a question of law that we review de novo. *United States v. Steen*, 55 F.3d 1022, 1025 (5th Cir. 1995). Section 851(a)(1) provides that:

> No person who stands convicted of an offense under this part [including a drug-trafficking offense] shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a guilty plea, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

In this case, the enhancement information was filed prior to trial and before Rios-Espinoza pled guilty; it identified the prior conviction upon which the enhancement was based; and it correctly set forth the applicable enhanced penalty. Rios-Espinoza does not dispute that he received actual notice of the enhancement, including notice of the prior conviction upon which the enhancement was based, before entering into his plea agreement and pleading guilty. Nor does he assert that he has been prejudiced in any way by the

nonconforming notice.[1] Under these circumstances, we have no difficulty finding that the Government complied with § 851.

But this conclusion does not resolve Rios-Espinoza's challenge. He maintains that the Government's failure to include an electronic signature notation "/s/" means that the notice was not properly filed and insists that the district court erred by not striking the notice based on its nonconformity with local rules. He argues that absent a properly filed notice, there can be no compliance with § 851 and directs our attention to *Steen*, in which we noted that when the Government "fails to comply with § 851's procedural requirements, a district court cannot enhance a defendant's sentence." 55 F.3d at 1025.

The district court heard Rios-Espinoza's argument and found it unavailing. Although the district court conceded that documents should be stricken if they do not comply with the local rules, it also found that the rules allow the court some "flexibility . . . in cases where there has not been complete compliance." The district court found that it had "some discretion on when to allow documents in substantial compliance but in technical noncompliance." In light of the fact that Rios-Espinoza received actual notice, and given the Government's contention that it would have re-filed the notice had it been made aware of the error, as well as the prejudice to the Government that would result if the notice were stricken, the district court concluded that the "just thing to do under the circumstances" was to deny Rios-Espinoza's motion to strike the notice. The district court therefore applied the enhanced penalties.

We review a district court's "administrative handling of a case, including its enforcement of the local rules . . . for abuse of discretion." *Macklin v. City of*

---

[1] Rios-Espinoza does not re-urge his challenge to the notice on the grounds that electronic service was improper, nor does he re-urge his argument that the enhancement should not be applied for any other reason. Thus, those issues have been abandoned. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

*New Orleans*, 293 F.3d 237, 240 (5th Cir. 2002). Therefore, the issue is whether the district court abused its discretion in failing to strike the notice for its failure to comply with the local rules.

Local Rule 5.1 provides that "[e]xcept as expressly provided or unless permitted by the presiding Judge, the Court requires documents being filed to be submitted, signed or verified by electronic means that comply with the procedures established by the Court." S.D. Tex. Local Rule 5.1.[2] The "Administrative Procedures for Electronic Filing in Civil and Criminal Cases," which were established by the Southern District and are referred to in Local Rule 5.1, provide that "[t]he user log-in and password required to submit documents to the Electronic Filing System serve" as the user's "signature for purposes of Fed. R. Civ. P. 11, the Federal Rules of Criminal Procedure, the Local Rules of this Court, and any other purpose for which a signature is required in connection with court proceedings." But the procedures also state that the user "must include an '/s/' and the Filing User's typed name in the space where the signature would otherwise appear." In this case, the Government's notice, which was filed after proper log-in, contained a typed signature but no "/s/," as required by the local rules and administrative procedures pertaining to electronic filing. Thus, the filing was non-complaint.

A finding that the filing was non-complaint, however, does not lead inexorably to the conclusion that Rios-Espinoza is correct. Rios-Espinoza fails to recognize that the local rules do not require the district court to strike such a non-conforming document. Local Rule 11.4, the "sanctions" paragraph for the "signing of pleadings" section, provides that "[a] paper that does not conform to the local or federal rules or that is otherwise objectionable **may be struck** on

---

[2]Although this rule falls under the "Civil Rules" section, Criminal Local Rule 49 expressly provides that the provisions of Local Rule 5.1 "with respect to electronic filing and service in civil cases are applicable to criminal cases." S.D. Tex. Local Rule 49

the motion of a party or by the Court." S.D. Tex. Local Rule 11.4 (emphasis added). Thus, the rules specifically invest the district court with discretion as to the enforcement of the very local rules in question. Under these circumstances, we find no abuse of discretion in the district court's refusal to strike the non-complaint notice. *See United States v. Rivas*, 493 F.3d 131, 141–42 (3d Cir. 2007).

The judgment of the district court is AFFIRMED.