# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 6, 2011

No. 11-10513
Summary Calendar

Lyle W. Cayce
Clerk

HERBERT FLETCHER,

Plaintiff-Appellant

v.

UNITED STATES OF AMERICA,

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:10-CV-2018

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

On June 14, 2010, the Internal Revenue Service issued Plaintiff–Appellant Herbert Fletcher a notice of deficiency regarding his 2007 income taxes. Fletcher responded by filing a *pro se* suit in Texas state court seeking an injunction to prevent Defendant–Appellee United States of America from collecting the taxes and a declaratory judgment that he was not required to pay his 2007 income taxes. The United States removed to district court and moved

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-10513

to dismiss. The district court dismissed Fletcher's suit for failing to comply with the requirements of the Internal Revenue Code's Anti-Injunction Act, as well as the Declaratory Judgment Act. Fletcher now appeals the removal of his case from state court and its dismissal. We affirm.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

On June 14, 2010, the Internal Revenue Service ("IRS") issued a notice of deficiency (the "Notice") to Herbert Fletcher ("Fletcher" or "Appellant") for his 2007 income taxes in the amount of $15,111.00. The Notice included additions of $3,399.98 for failing to file a timely tax return under 26 U.S.C. § 6651(a)(1), $687.75 for failing to pay his estimated taxes under 26 U.S.C. § 6654(a), and $1,813.52 for failing to pay his taxes under 26 U.S.C. § 6651(a)(2). The Notice made clear that Fletcher could contest this determination in advance of making any payments by filing a petition in the United States Tax Court within 90 days of receipt of the Notice, giving Fletcher until September 13, 2010, to contest the IRS's determination. The Notice also stated that if Fletcher did not file a petition within 90 days or waive his right to petition, then the IRS would assess the deficiency and begin to bill him.

On September 8, 2010, Fletcher filed a *pro se* action in the Judicial District Court of Kaufman County, Texas, against the United States and the United States of America (on appeal, "the United States" or "Appellee"). In his complaint, Fletcher argued that because "'taxpayer' means 'fiduciary'" and he never entered into a trust agreement with the federal government, he could not be taxed. As relief, Fletcher sought an injunction against the United States to prevent collection of his 2007 income taxes, as well as a declaratory judgment that "Fletcher owes nothing in response to the [IRS]' claims."[1] Fletcher also

---

[1] Meanwhile, since Fletcher had not filed a petition in the Tax Court within the 90 day period for contesting tax deficiencies, the IRS proceeded assessed his deficiency at $23,849.46, including interest, as well as failure-to-pay penalties for all three of his violations. Fletcher

No. 11-10513

argued that this case was governed by the law of trusts, and because trust law is an issue of state law, there was no federal jurisdiction over his case making removal to federal district court impermissible.

On October 6, 2010, the United States removed Fletcher's case from state court to the United States District Court for the Northern District of Texas, pursuant to 28 U.S.C. §§ 1441, 1442, and 1446. After removing, the United States filed a motion to extend its time to respond to Fletcher, which was granted by the assigned magistrate judge. On October 27, 2010, Fletcher filed three motions simultaneously seeking to remand the case to state court, strike the United State' motion to extend, and to prevent the use of a magistrate judge. On November 1, 2010, the district court unfiled these motions for failing to comply with Federal Rule of Civil Procedure 11(a), as Fletcher had failed to properly sign them. *See* FED. R. CIV. P. 11(a) ("Every . . . written motion . . . must be signed . . . by a party personally if the party is unrepresented."). The district court also "admonish[ed] [Fletcher], that after further review of his motions, they appear[ed] to be devoid of merit and [were] frivolous," warning Fletcher that if "he cho[se] to re-file them, he could subject himself to sanctions." Undeterred by the district court's warning, Fletcher would re-file two of these motions, this time with proper signatures, along with a new third motion, on January 20, 2011.

Prior to this, however, on December 14, 2010, the United States moved to dismiss Fletcher's complaint for want of subject matter jurisdiction, arguing that Fletcher's suit sought an injunction in violation of the Anti-Injunction Act of the

---

filed for a temporary injunction to preclude assessment of the deficiency in the United States District Court for the Northern District of Texas, arguing that he was not a taxpayer and so any collection against him would be illegal. The district court denied Fletcher's motion for a temporary injunction on grounds that he did not meet any of the prerequisites for that relief. Fletcher appealed to this court, but we dismissed his appeal for want of prosecution on April 27, 2011. Fletcher's subsequent petition for a writ of certiorari was denied by the Supreme Court on October 3, 2011.

No. 11-10513

Internal Revenue Code, 26 U.S.C. § 7421(a),[2] and a declaratory judgment in violation of the Declaratory Judgment Act, 28 U.S.C. § 2201(a).[3]  The United States contended, in essence, that sovereign immunity barred Fletcher's suit, as Fletcher had not met the prerequisites required for filing a refund action, the sole procedure by which the United States has consented to be sued for the repayment of improperly assessed taxes.

Fletcher moved again for a default judgment in response, arguing that the United States' motion to dismiss was untimely because he did not consent to use of "non-judicial decision-makers" and thus the magistrate judge could not grant the United States' motion to extend its time to filed.  Fletcher also filed a further motion to strike the United States' motion to dismiss, again arguing that he did not consent to the use of a magistrate judge.  Along with this motion, Fletcher submitted a draft order to the court in which he implied that the government had engaged in "criminal violations" against him and that the district court judge and magistrate judge had colluded in "harrass[ing] [and] intimidat[ing]" him.  The United States responded to Fletcher's motions as being frivolous and requested that the district court grant it relief from having to respond to Fletcher's repeated motions.

---

[2] The statute provides, in relevant portion, that:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a).

[3] The statute provides that: "In a case of actual controversy within its jurisdiction, *except with respect to Federal taxes . . .* , any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (emphasis added).

No. 11-10513

Fletcher continued to file more motions, however. On January 20, 2011, Fletcher re-filed two of the motions that had been unfiled by the district court in late October, along with a new third motion. First, Fletcher filed still another motion to strike the United States' motion to dismiss, renewing his standing objection to the use of "non-judicial decision-makers" and arguing, it appears, that either the United States itself or the Department of Justice lacked "signature authority" to issue the motions filed against him. Second, Fletcher filed a motion to remand his case to state court on grounds that there was no federal jurisdiction over his case, as "'[f]ederal tax law' is trust law [and] trust law is state law.'" (emphasis omitted). Third, Fletcher filed a motion contesting the United States' request to be excused from responding to Fletcher's pleadings, describing the United States' motion as being "facially nuts." Fletcher also contended that the Anti-Injunction Act did not apply to him as he is not a "taxpayer," describing its requirement that he pursue his tax claims through a refund suit as "nuts on its face." The United States replied to all three motions, reasserting that removal jurisdiction was proper and that Fletcher's filings were frivolous and procedurally improper.

The district court granted the United States' motion to dismiss on March 22, 2011. The court found that the United States had consented to suit for improperly assessed taxes, but only under the particular conditions outlined under 26 U.S.C. § 7422. The district court observed that Fletcher had failed to meet these prerequisites and so the court was without power to hear his claims. The court likewise rejected federal question jurisdiction under 28 U.S.C. § 1331, as § 1331 does not constitute a waiver of the United States' sovereign immunity. The court also declined to exercise subject matter jurisdiction based upon Fletcher's request for equitable, non-monetary relief because such jurisdiction is barred by the Internal Revenue Code's Anti-Injunction Act and Declaratory

No. 11-10513

Judgment Act. The district court also denied all of Fletcher's outstanding motions, include the three motions submitted on January 20, 2011.

On May 18, 2011, Fletcher timely appealed the district court's dismissal. While Fletcher's brief contains a range of interrelated challenges and claims, they can be reduced to two fundamental assertions. First, Fletcher argues that the district court improperly rejected his motion to remand his case to state court because removal of his case to federal court was improper. Second, Fletcher contends that the district court's dismissal of his case was incorrect.

## II. DISCUSSION

### A.    Fletcher's Motion to Remand

We first address whether the district court's denial of Fletcher's motion to remand was proper. "[A] district court's denial of [a] motion to remand, the propriety of removal under the various governing statutes [including 28 U.S.C. § 1442], and the existence of subject-matter jurisdiction . . . are all interrelated questions of law subject to *de novo* review." *Oviedo v. Hallbauer*, 655 F.3d 419, 422 (5th Cir. 2011). We construe the briefs of *pro se* litigants like Fletcher more liberally than those of litigants represented by counsel and afford them "all reasonable inferences which can be drawn from them." *Williams v. Valenti*, 432 F. App'x 298, 303 (5th Cir. 2011) (internal quotations and citation omitted).

Under 28 U.S.C. § 1442(a)(1), "[t]he United States or any agency thereof . . . sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for . . . the collection of the revenue" may remove a civil action commenced in state court to the proper district court. *See Arizona v. Manypenny*, 451 U.S. 232, 242 (1981) ("[T]his Court has held that the right of removal is absolute for conduct performed under color of federal office, and has insisted that the policy favoring removal 'should not be frustrated by a narrow, grudging interpretation of § 1442(a)(1).'" (quoting *Willingham v. Morgan*, 395

U.S. 402, 407 (1969))). This language is straightforward: Where the United States is sued in state court for an act under the color of its office involving the collection of revenues, it may remove the suit to federal district court.

Fletcher's response to this seemingly unambiguous language is to assert that he is only nominally the plaintiff in this suit. Accordingly to Fletcher, it is the United States who is actually the *de facto* plaintiff as it is the "debt collector" seeking to assess his tax deficiencies. Unfortunately for Fletcher, it was he who initially filed a state court action complaint seeking injunctive and declaratory relief against the United States. *See Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995) (removal jurisdiction is determined on the basis of the claims in the state court complaint at the time of removal). Thus, Fletcher's contrary notions aside, he was the plaintiff in his state court suit and the United States, as the defendant, had the power to remove the case from Texas court to federal court under § 1442(a)(1).[4] We affirm the district court's denial of Fletcher's motion to remand.

## B. Dismissal of Fletcher's Suit

We now turn to the dismissal of Fletcher's suit. This Court reviews claims of sovereign immunity *de novo*. *See Jacobs v. Nat'l Drug Intelligence Ctr.*, 548 F.3d 375, 377 (5th Cir. 2008). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit. Sovereign immunity is jurisdictional in nature. Indeed, the 'terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)) (citations omitted, alteration in original). A "guiding principle is that waivers of sovereign immunity should be narrowly construed in favor of

---

[4] Fletcher also contends that there is no federal question or diversity jurisdiction. Since we find that there was removal jurisdiction under § 1442, we do not address these additional issues.

the United States." *In re Supreme Beef Processors, Inc.*, 468 F.3d 248, 253 (5th Cir. 2006); *see also United States v. Nordic Vill. Inc.*, 503 U.S. 30, 34 (1992) (noting "the traditional principle that the Government's consent to be sued must be construed strictly in favor of the sovereign . . . and not enlarge[d] . . . beyond what the language [of the statute] requires") (internal quotations and citations omitted).

The district courts have jurisdiction over "[a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws," under 28 U.S.C. § 1346(a)(1). However, this waiver of the United States' sovereign immunity is subject to additional conditions set forth in Internal Revenue Code's Anti-Injunction Act, 26 U.S.C. § 7422(a). *See United States v. Dalm*, 494 U.S. 596, 601 (1990) ("Despite its spacious terms, § 1346(a)(1) must be read in conformity with other statutory provisions which qualify a taxpayer's right to bring a refund suit upon compliance with certain conditions. The first is § 7422(a), which . . . limits a taxpayer's right to bring a refund suit . . . ."); *see also* 26 U.S.C. § 6532(a) (imposing additional conditions on suits brought under § 7422(a)). The Supreme Court has "interpreted the principal purpose of [§ 7422(a)] to be the protection of the Government's need to assess and collect taxes as expeditiously as possible with a minimum of preenforcement judicial interference, 'and to require that the legal right to the disputed sums be determined in a suit for refund.'" *Bob Jones Univ. v. Simon*, 416 U.S. 725 736–737 (1974) (quoting *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7 (1962)). Under § 7422(a), before a taxpayer can bring a refund suit, he or she must first fully pay the assessed tax, file an administrative claim for refund

with the IRS, and wait until either the IRS denies the claim or six months have expired since filing the administrative claim. *See* 26 U.S.C. §§ 6532(a), 7422(a).

Fletcher has not pleaded or provided any evidence that he has complied with § 7422(a)'s prerequisites, and there is no indication in the record that he has fully paid the deficiency assessed on him or even filed an administrative claim for a refund. Indeed, in his motions before the district court, Fletcher repeatedly declared that he had no intention of complying with the refund system, a "booby-trapped" forum, as he styles it. Accordingly, the district court held correctly that because Fletcher has failed to meet the prerequisites of the Anti-Injunction Act, his claims for injunctive relief must be dismissed.[5]

Similarly, the Declaratory Judgment Act, 28 U.S.C. § 2201(a), denies jurisdiction to the district courts to grant declaratory relief with respect to federal taxes. 28 U.S.C. § 2201(a) ("In a case of actual controversy within its jurisdiction, except with respect to Federal taxes . . . , any court of the United States . . . may declare the rights and other legal relations of any interested party . . . ."); *see also Bob Jones Univ.*, 416 U.S. at 732 n.7 ("The congressional antipathy for premature interference with the assessment or collection of any federal tax also extends to declaratory judgments."). This bars federal jurisdiction over any declaratory relief that Fletcher seeks. Consequently, the district court had no jurisdiction over any of Fletcher's claims and so we affirm its decision to dismiss.

C. **Remaining Issues**

---

[5] In *Williams Packing*, the Supreme Court crafted a narrow exception to the Anti-Injunction Act's prerequisites for filing a refund suit for plaintiffs who could show (1) irreparable injury and the other elements necessary for injunctive relief, and (2) certainty of success on the merits of the claim. *See Williams Packing*, 370 U.S. at 6–7; *see also Bob Jones Univ.*, 416 U.S. at 737. Without addressing the first factor, it is clear that Fletcher fails to meet the second. His lawsuit boils down to an generalized attack on the legitimacy of the tax system and Fletcher nowhere demonstrates the possibility of, much less certain, success on the merits of this claim.

No. 11-10513

Fletcher raises two final issues, both without merit.  First, Fletcher objects to the district court's denial of his motion for a default judgment against the United States since he did not consent to the use of "non-judicial decision makers" and a magistrate judge granted the United States' motion to extend its time to file its answer.  A motion to extend time falls within the plain language of Federal Rule of Civil Procedure 72(a), which provides that "a pretrial matter not dispositive of a party's claim or defense" may be heard by a magistrate judge.  FED. R. CIV. P. 72(a); *see Tucker v. United States Dep't of Army*, 56 F.3d 1384, 1995 WL 337670, at \*2 (5th Cir. May 16, 1999) (per curiam) (holding that motion for default judgment was properly denied by the district court because magistrate judge had authority under Rule 72(a) to grant party's motion to extend time).  Accordingly, the magistrate judge could grant the United States' motion to extend time and so the district court properly rejected Fletcher's motion for a default judgment.

Fletcher also argues that the district court improperly unfiled his three October 27, 2010, motions with any notice or opportunity to cure.  This is flatly wrong.  Fletcher was given notice of the defects in his motions and later re-filed two of the three motions properly.  His decision to not re-file the third unsigned motion does not affect our conclusion that he had proper notice and the opportunity to correct his motions.  His claim is without merit.

## III. CONCLUSION

For all of the foregoing reasons, we AFFIRM the judgment of the district court.