# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-51103
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 13, 2018

Lyle W. Cayce
Clerk

ADAM HERNANDEZ,

      Plaintiff - Appellant

v.

SIEMENS CORPORATION; SIEMENS MEDICAL SOLUTIONS USA, INCORPORATED,

      Defendants - Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:16-CV-539

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

    Adam Hernandez was treated at the Metropolitan Methodist Hospital in San Antonio in 2014, where he underwent an MRI exam. He claims the MRI machine was "manufactured, designed, and/or marketed" by Siemens Corporation and/or Siemens Medical Solutions USA (collectively, "Siemens") and was defective, resulting in personal injuries. Hernandez filed a Texas

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-51103

state court action against Siemens in 2016. Siemens removed the case to federal court and moved to dismiss the complaint for failure to state a claim. The district court granted the motion, but permitted Hernandez to amend his complaint. Hernandez filed an amended complaint, and Siemens again moved to dismiss the complaint on the same grounds. Hernandez did not file a response. Several months later, Hernandez filed a motion that the court construed as a motion for continuance to either amend the pleadings or respond to Siemens's motion to dismiss. Because the motion was signed by an attorney who was not authorized to appear before the court, Siemens moved to strike the motion as an unsigned pleading pursuant to Rule 11(a). Hernandez again failed to respond. Around the same time, Hernandez also filed a motion to compel the hospital to produce documents related to the MRI machine.

The district court decided all pending motions together. It struck Hernandez's motion for continuance on the basis that it was untimely, contained misrepresentations, and was not signed by an attorney authorized to practice before the court. The district court further granted the motion to dismiss with prejudice and denied all other pending motions, including the motion to compel, as moot. Hernandez then moved for a new trial under Rule 59(a). Concluding that Rule 59(a) was inapplicable because no trial had been held, the court construed Hernandez's motion as a Rule 59(e) motion to alter or amend the judgment, and denied it on the grounds that Hernandez impermissibly sought to use the motion to obtain additional evidence and to raise constitutional claims for the first time. This appeal followed.

**I**

Hernandez first challenges the district court's order striking his motion for continuance. The district court struck the motion on the basis that it was "extremely untimely," misrepresented that Siemens had made a settlement offer, and was signed by an attorney not authorized to practice before the court.

2

No. 17-51103

In concluding that the motion for continuance was untimely, the district court applied local rule 7(e), which requires that "[a] response to a dispositive motion shall be filed not later than 14 days after the filing of the motion." *See* W.D. TEX. CIV. R. 7(e); *see also* W.D. TEX. CIV. R. 7(c) (a motion to dismiss is a dispositive motion). Given that district courts have "considerable latitude in applying their own rules," *see McLeod, Alexander, Powel & Apfel, P.C. v. Quaries*, 894 F.2d 1482, 1488 (5th Cir. 1990), the district court did not abuse its discretion by finding the motion for continuance untimely, *see United States v. Rios-Espinoza*, 591 F.3d 758, 760–61 (5th Cir. 2009) ("We review a district court's 'administrative handling of a case, including its enforcement of the local rules ... for abuse of discretion.'").

Furthermore, Rule 11 requires that "every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name." FED. R. CIV. P. 11(a). Courts "must strike an unsigned paper unless the omission is promptly corrected" after the attorney is notified. *Id.* Because Hernandez's counsel did not respond to Siemens's Rule 11 motion regarding the deficiency in his motion for continuance, or take any action to correct the deficiency despite ample opportunity to do so, we affirm the district court's decision to strike the motion for continuance on this basis. *See Fletcher v. United States*, 452 F. App'x 547, 553 (5th Cir. 2011) (affirming the district court's decision to "unfile" unsigned motions pursuant to Rule 11(a) where the moving party was given notice and an opportunity to correct the defects).

Hernandez next challenges the district court's dismissal of his second amended complaint. We review the dismissal of a complaint under Rule 12(b)(6) de novo. *See St. Germain v. Howard*, 556 F.3d 261, 262 (5th Cir. 2009). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To survive a Rule 12(b)(6) motion, the complaint must contain "more than labels and

conclusions," or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It must state a facially plausible claim that allows for reasonable inferences to be drawn regarding the defendant's liability for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Hernandez's amended complaint alleges only that "[b]ecause Siemens' MRI machine was defectively designed, manufactured and/or marketed, it severely burned and otherwise injured the Plaintiff, causing the severe burns, permanent, painful, and disabling personal injuries resulting in damages sought in this lawsuit." Because Hernandez's factual allegations are scant and conclusory, they do not state a facially plausible claim allowing for reasonable inferences to be drawn regarding Siemens's liability for Hernandez's alleged injuries. *See Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678. Hernandez has therefore failed to state a claim upon which relief could be granted, and the district court properly dismissed his complaint. *See* FED. R. CIV. P. 12(b)(6); *Iqbal*, 556 U.S. at 678 ("The tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements.").

Additionally, to the extent Hernandez seeks to challenge the court's Rule 59 rulings, we agree with the district court that Rule 59(a) does not apply where no trial has taken place, *see* FED. R. CIV. P. 59(a) ("the court may grant a new trial . . . after a jury trial . . . or after a nonjury trial"), and Rule 59(e) is not the proper vehicle to seek new evidence or challenge the constitutionality of the Federal Rules of Civil Procedure, *see Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (Rule 59(e) is an "extraordinary remedy" that "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.").

For these reasons, we AFFIRM.