United States Court of Appeals,

Fifth Circuit.

No. 95-50462.

Carlos ARMENDARIZ-MATA, Plaintiff-Appellant,

v.

U.S. DEPT. OF JUSTICE, DRUG ENFORCEMENT ADMINISTRATION;  Michael Quinn, DEA Special Agent;  Robert Hernandez, DEA Special Agent, Defendants-Appellees,

and

Alfredo Juarez, DEA Special Agent;  Guadalupe Gomez-Gamez, DEA Agent, Defendants.

May 15, 1996.

Appeal from the United States District Court for the Western District of Texas.

Before LAY,[*] HIGGINBOTHAM and STEWART, Circuit Judges.

LAY, Circuit Judge:

Carlos Armendariz-Mata ("Mata"), a federal prisoner, filed suit against the Department of Justice, the Drug Enforcement Administration ("DEA"), and four individual law enforcement officers pursuant to 28 U.S.C. § 1331 and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-04, complaining of wrongful seizure and forfeiture of currency and property.  The district court, adopting the magistrate judge's recommendation, granted summary judgment in favor of defendants.  Mata contends the district court erroneously determined (1) that his equitable claim concerned only the seized currency, and (2) that the notice of

---

[*]Circuit Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

1

forfeiture was adequate.  We affirm in part, and reverse and remand in part.

*Facts*

On May 14, 1988, DEA agents arrested Mata for the attempted possession of cocaine with intent to distribute.[1]  On arrest, an address book and $839 were taken from his person.  Agents also seized Mata's 1987 Chevrolet Suburban, $7980 in cash, a pistol with ammunition, and allegedly, an export-import manual.[2]  DEA did not institute forfeiture proceedings regarding the vehicle, but rather, pursuant to 28 C.F.R. § 0.101(c), released it to the lienholder, General Motors Acceptance Corporation.  The handgun and ammunition were turned over to the Bureau of Alcohol, Tobacco, and Firearms ("ATF") and destroyed by ATF after Mata's criminal conviction.  The address book was destroyed by DEA in December 1992, at the time Mata's case was closed.[3]

On June 7, 1988, the government sent a notice of forfeiture of

---

[1]On appeal from his conviction, Mata unsuccessfully challenged the propriety of the initial search and seizure which resulted in the seizure of the currency and property.  *See United States v. Armendariz-Mata,* 949 F.2d 151, 153-54 (5th Cir.1991), *cert. denied,* 504 U.S. 945, 112 S.Ct. 2288, 119 L.Ed.2d 212 (1992).

[2]Counsel for DEA in the forfeiture proceedings averred that no seizure of an import-export manual was effected and indicated there is no reference to such book in any seizure or investigative file.

[3]The summary evidence reveals no declaration of forfeiture or a final decree and order of forfeiture resulting in the vesting of title in the United States for Mata's interest in the 1987 Chevrolet Suburban, the address book, the Browning handgun, or the export-import manual.  The gist of Mata's claim for these items, therefore, is not wrongful forfeiture, but a claim for wrongful destruction or wrongful conveyance.

the currency to Mata's home.  Mata's sister, Blanca Mata, received the notice and signed the return receipt on June 17, 1988.  On the same date that it sent notice to Mata's residence, the government also sent an identical notice to Mata at his place of incarceration at the Guadalupe County jail.  For unknown reasons, that notice was returned to DEA marked "Attempted RLW—5510 6/13/88" and marked "Return to Sender."  Gov't Ex. 4.  Thereafter, DEA made no other attempts to notify Mata of the forfeiture proceedings, except to publish notice in USA TODAY.  The period for contesting forfeiture expired without a claim being filed, and on September 13, 1988, the currency was administratively forfeited.

In district court, Mata raised a due process claim, alleging defective notice of the forfeiture.  Relying on the APA, Mata also sought equitable relief, namely, the return of the currency and property seized.  The court determined it had jurisdiction to hear Mata's equitable claim, but that the claim extended to the $8,819 in currency only.  The district court held that the applicable limitations period for Mata's equitable claim was six years pursuant to 28 U.S.C. § 2401(a);  thus, the equitable claim implicating due process was not time barred.  On the merits, the district court also determined the forfeiture notice was constitutionally adequate.  Mata timely appeals.

*Jurisdiction*

The defendants initially challenge the district court's

3

jurisdiction to entertain petitioner's claims.[4]  The United States is immune from suit except as it waives its sovereign immunity. *Federal Deposit Ins. Corp. v. Meyer,* --- U.S. ----, ----, 114 S.Ct. 996, 1000, 127 L.Ed.2d 308 (1994).  The terms of those waivers are set forth by Congress and courts may not exercise subject matter jurisdiction over a claim against the federal government except as Congress allows.  *United States v. Orleans,* 425 U.S. 807, 814, 96 S.Ct. 1971, 1976, 48 L.Ed.2d 390 (1976).  Furthermore, such waivers of sovereign immunity are to be strictly construed.  *Wilkerson v. United States,* 67 F.3d 112, 118 (5th Cir.1995).

The APA, which creates a right of review regarding actions by federal agencies, provides:

> [a]n action in a court of the United States seeking relief *other than money damages* ... shall not be dismissed ... on the ground that it is against the United States....  Nothing herein ... affects the limitations on judicial review or the power or duty of the court to dismiss any action or deny relief on any other appropriate ... ground....

5 U.S.C. § 702 (emphasis added).  Congress intended to broaden the avenues for judicial review of agency action by eliminating the defense of sovereign immunity in cases covered by § 702, *Bowen v. Massachusetts,* 487 U.S. 879, 891-92, 108 S.Ct. 2722, 2731, 101 L.Ed.2d 749 (1988), but when the substance of the complaint at issue is a claim for money damages, the case is not one covered by § 702, and, hence, sovereign immunity has not been waived.  *Drake v. Panama Canal Comm'n,* 907 F.2d 532, 535 (5th Cir.1990).

---

[4]Mata brought *Bivens* claims against the individual DEA officers.  The district court dismissed the claims based on qualified immunity and expiration of the applicable statute of limitations.  This ruling is not challenged on appeal.

Mata asserts jurisdiction under 28 U.S.C. § 1331 seeking federal court review, under the APA, of DEA's seizure and forfeiture determination. He claims the district court erred in deciding the only property over which it had jurisdiction was the $8,819.00 in United States currency. Specifically, Mata contends that the relief sought for the vehicle, weapon, and address book was also equitable in nature, citing *Marshall Leasing, Inc. v. United States,* 893 F.2d 1096 (9th Cir.1990), for the proposition that the return of forfeited property or its monetary equivalent is equitable relief.

Mata's claim is unpersuasive. He prayed for either the return of his property or its value, and $120,000 in compensatory and punitive damages. Further, Mata ascribed a monetary value for his property; specifically, $8,083 for the Suburban, $100 for the address book, and $500 for the pistol and ammunition. All the property has either been destroyed or possession thereof relinquished by DEA. It was not forfeited, and cannot be returned; thus, any relief can only be in the form of monetary damages. The APA's § 702 waiver of the government's sovereign immunity does not apply to monetary damages. *Marshall Leasing,* 893 F.2d at 1100; *see also A. & S. Council Oil Co. v. Lader,* 56 F.3d 234, 238 (D.C.Cir.1995). Thus, the district court properly determined the only claim over which it had subject-matter jurisdiction was Mata's equitable claim for the return of $8,819 in currency.

*Adequacy of Notice*

In forfeiture proceedings, in addition to at least three

5

weeks of publication of the intention to forfeit, "[w]ritten notice ... shall be sent to each party who appears to have an interest in the seized article."  19 U.S.C. § 1607(a);  *Torres v. $36,256.80 U.S. Currency,* 25 F.3d 1154, 1160 (2d Cir.1994).  In *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950), the Supreme Court held that notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* at 314, 70 S.Ct. at 657.  Mata argues the notice sent by DEA was inadequate.  We agree.

Notice by mail or other means as certain to ensure actual notice is a minimum constitutional precondition to a proceeding which will adversely affect the liberty or property interests of any party. *Mennonite Bd. of Missions v. Adams,* 462 U.S. 791, 800, 103 S.Ct. 2706, 2712, 77 L.Ed.2d 180 (1983).  Under most circumstances, notice sent by ordinary mail is sufficient to discharge the government's due process obligations. *See Weigner v. City of New York,* 852 F.2d 646, 650 (2d Cir.1988), *cert. denied,* 488 U.S. 1005, 109 S.Ct. 785, 102 L.Ed.2d 777 (1989).  When the government sends notice by mail, however, the proper inquiry is not simply whether the government sent the notice, but whether it acted reasonably under all the circumstances in relying on the mail as a means to apprise the interested party of the pending action. *Id.* at 649.

Given the government's knowledge of Mata's whereabouts, the notice sent to Mata's home residence was not adequate to apprise

Mata of the pendency of the forfeiture proceedings. Mata "was residing at a place of the government's choosing, not his own." *Torres,* 25 F.3d at 1161; *see Robinson v. Hanrahan,* 409 U.S. 38, 40, 93 S.Ct. 30, 31, 34 L.Ed.2d 47 (1972) (holding notice inadequate when "the State knew that [the owner] was not at the address to which the notice was mailed and, moreover, knew also that [the owner] could not get to that address since he was at that very time confined").

The notice sent to the Guadalupe Jail was also inadequate. This is not a case where DEA made the reasonable assumption that the notice sent to the jail had reached its destination; on the contrary, the notice to Mata was returned undelivered. DEA knew that its letter had not succeeded in notifying Mata, and made no additional efforts to inform Mata of the forfeiture proceeding. It is unreasonable for DEA to ignore information that reveals that a method of notice is inadequate to provide an interested party with notice, when that party is known to be in jail and can be easily located by DEA in the jail or determined to not be there. A letter to such a prisoner returned unclaimed is not enough. Some additional inquiry is required.

The purpose of the law is to allow forfeitures of the profits and instruments of drug crimes while protecting innocent owners of such property. Where the government seeks the traditionally disfavored remedy of forfeiture, due process protections ought to be diligently enforced, and by no means relaxed. *United States v. Borromeo,* 945 F.2d 750, 752 (4th Cir.1991). In light of the

7

serious nature of forfeitures, and the tendency to view them with disfavor, *Onwubiko v. United States,* 969 F.2d 1392, 1400 (2d Cir.1992), DEA's actions under these circumstances cannot be condoned. Forfeitures should only be enforced if they fall within both the letter and spirit of the law. *United States v. One Ford Coach,* 307 U.S. 219, 226, 59 S.Ct. 861, 864-65, 83 L.Ed. 1249 (1939). *Mullane* counsels us to consider all of the circumstances. 339 U.S. at 314, 70 S.Ct. at 657. By failing to provide Mata with adequate notice, DEA did not act within either the letter or spirit of the law, and thereby deprived Mata of his right to due process. Therefore, the judgment of the district court granting summary judgment in favor of the government on the administrative forfeiture is reversed. The case is remanded with instructions to vacate DEA's administrative forfeiture for lack of adequate notice.

AFFIRMED IN PART, and REVERSED AND REMANDED IN PART.