IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-11309
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

CURTIS MITCHELL O'BRIEN,
a/k/a Rudolph P. (Peter) Heim,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:89-CR-0009-1
- - - - - - - - - -

June 30, 1999

Before DAVIS, DUHE', and PARKER, Circuit Judges.

PER CURIAM:[*]

Curtis Mitchell O'Brien, federal prisoner # 17872-077, appeals the district court's denial of his Fed. R. Crim. P. 41(e) motion for return of property. O'Brien seeks the return of his aircraft seized on April 5, 1989. The district court denied his Rule 41(e) motion based on the statute of limitations, finding that his claim accrued on the date of seizure. O'Brien argues that the district court erred in denying his motion for return of property based on the statute of limitations. He contends that

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his claim could not have accrued on the date of seizure on April 5, 1989.

O'Brien alleges that he was informed that the U.S. Customs Service had given the aircraft to the Menard County Sheriff's Office in 1991. Because the plane is no longer in the possession of the Government, O'Brien's claim is one for money damages. See Armendariz-Mata v. U.S. Dep't of Justice, DEA, 82 F.3d 679, 682 (5th Cir. 1996). Rule 41(e) does not provide for monetary damages. Pena v. United States, 157 F.3d 984, 986 (5th Cir. 1998).

Accordingly, we AFFIRM the district court's denial of O'Brien's motion for return of property because, according to his allegations, the property is no longer in the possession of the federal government and because there is no avenue of relief currently available to him to seek monetary damages in federal court. See Matthews v. Wozencraft, 15 F.3d 432, 439 (5th Cir. 1994) (court may affirm judgment of district court on other grounds).

AFFIRMED.