# IN THE UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

No. 01-50401
Summary Calendar

HUMBERTO DIAZ,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

------------------------------------------------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-00-CV-271-DB
------------------------------------------------------------

March 22, 2002

Before JOLLY, JONES and STEWART, Circuit Judges:

PER CURIAM:[*]

Humberto Diaz, federal prisoner #00366-196, appeals the district court's dismissal of his motion for return of property and its denial of his post-judgment motions. This court must examine the basis of its jurisdiction on its own motion if necessary. Mosley v. Cozby, 813 F.2d 659, 660 (5th Cir. 1987). Diaz's notice of appeal was not timely with respect to the underlying judgment dismissing his action because it was not filed within 60 days of the entry of judgment. See FED. R. APP. P. 4(a)(1)(B). Diaz's motion seeking reconsideration of the order of dismissal, styled as a motion to alter or amend the judgment under FED. R. CIV. P. 59(e), did not suspend the time for filing the notice of appeal from the underlying judgment because it was filed more than 10 days after entry of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

judgment and thus must be treated as a FED. R. CIV. P. 60(b) motion for relief from judgment. See FED. R. APP. P. 4(a)(4)(A)(vi); Harcon Barge Co., Inc. v. D & G Boat Rentals, Inc., 784 F.2d 665, 667-68 (5th Cir. 1986)(en banc). Therefore, we are without jurisdiction to entertain the appeal from the underlying judgment. See Robbins v. Maggio, 750 F.2d 405, 408 (5th Cir. 1985). However, we do have jurisdiction over the appeal from the orders denying Diaz's FED. R. CIV. P. 60(b) motion and his motion to reconsider FED. R. CIV. P. 60(b) motion. See FED. R. APP. P. 4(a)(1)(B).

We also have a duty to examine the jurisdiction of the district court because our appellate jurisdiction is predicated upon the valid jurisdiction of the district court. See United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000). The record shows that the Government never instituted forfeiture proceedings as to any of the property it seized from Diaz and that the Government relinquished possession of the two vehicles. Under these circumstances, the district court lacked jurisdiction over Diaz's claim for the return of the two vehicles because the district court could not order the relief requested. See Armendariz-Mata v. United States Dep't of Justice, DEA, 82 F.3d 679, 681 (5th Cir. 1996). Therefore, the district court's judgment regarding Diaz's claim for the return of the two vehicles is VACATED, and the appeal is DISMISSED as to that claim. See Key, 205 F.3d at 775.

Although the district court clearly had jurisdiction over Diaz's claim for the return of his financial documents, Diaz fails to show that the district court abused its discretion in denying his FED. R. CIV. P. 60(b) motion and motion to reconsider. Halicki v. Louisiana Casino Cruises, Inc., 151 F.3d 465, 470 (5th Cir. 1998). We construe Diaz's argument that he is entitled to seek further relief in the form of monetary damages for the loss or destruction of his financial documents as a request to amend his complaint. Although we remanded the matter in Pena v. United States, 157 F.3d 984, 987 (5th Cir. 1998), so that the claimant could add a claim under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the circumstances warranting such remand are not present in the instant case.

Diaz's argument that the Government seized the Dodge truck without a warrant in violation of his Fourth Amendment rights and that he is entitled to compensation was never presented to the

district court and this court will not consider it.  See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999).  Diaz's motion to supplement the record to include a document supporting this claim is DENIED.

VACATED IN PART; APPEAL DISMISSED IN PART; AFFIRMED IN PART; MOTION TO SUPPLEMENT DENIED.