United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 5, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-20731
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE LUIS RODRIGUEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:89-CR-229-3
--------------------

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:*

Jose Luis Rodriguez, federal prisoner # 00582-424,
challenges the district court's dismissal of his motion for
return of property, filed pursuant to FED. R. CRIM. P. 41(g), as
time-barred by the six-year statute of limitations set forth in
28 U.S.C. § 2401(a). Although Rodriguez's motion was filed
pursuant to Rule 41(g), the criminal proceeding against Rodriguez
had concluded when he brought this action. Accordingly, we treat
the Rule 41(g) motion as a § 1331 action, seeking the return of
property, and treat the district court's denial of that motion as

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a grant of summary judgment in favor of the Government.  See Clymore v. United States, 217 F.3d 370, 373 (5th Cir. 2000).  We review de novo the district court's determination that the action was barred by limitations.  Id.

The six-year statute of limitations in § 2401(a) governs civil actions for return of property.  United States v. Wright, 361 F.3d 288, 290 (5th Cir. 2004).  Under federal law, a cause of action accrues "when the plaintiff is in possession of the 'critical facts that he has been hurt and who has inflicted the injury.'"  Gartrell v. Gaylor, 981 F.2d 254, 257 (5th Cir. 1993)(citations omitted).  Rodriguez does not dispute that he was aware of the purported seizure of items from 895 Elizabeth Street, San Benito, Texas, as of 1989 and also knew of the purported seizure of items located in the safety deposit box as of 1992.  He necessarily would have been aware, as of 1989 and 1992, of the lack of notice that any forfeiture had been initiated as to the property.[**]  Rodriguez's 2005 motion for return of property was untimely.  See Gartrell, 981 F.2d at 257; see Polanco v. Drug Enforcement Administration, 158 F.3d 647, 654 (2d Cir. 1998) (holding that a cause of action for return of property forfeited without sufficient notice accrued at the earliest of the following:  1) at the close of the forfeiture proceedings; or 2) if no forfeiture proceedings were conducted,

[**] We observe that the record does not suggest that the seized property at issue in this case was administratively forfeited.

at the end of the five-year limitations period for the Government to bring a forfeiture action). Although equitable tolling applies to § 2401(a)'s limitations period, Clymore, 217 F.3d at 374, we decline to apply it under the circumstances of this case because the record does not reflect that Rodriguez exercised due diligence. See Baldwin v. County Welcome Ctr. v. Brown, 466 U.S. 147, 151 (1984).

If the Government does not have the property, the only relief possible for Rodriguez would be in the form of money damages. See Armendariz-Mata v. U.S. Dep't of Justice, DEA, 82 F.3d 679, 682 (5th Cir. 1996). Assuming, without deciding, that Rodriguez had a cause of action under Bivens,[***] any such action is time-barred. See Pena v. United States, 157 F.3d 984, 987 (5th Cir. 1998) (observing that Pena's motion for the return of seized property presented the facts necessary for a Bivens action); TEX. CIV. PRAC. & REM. CODE § 16.003(a) (providing applicable two-year limitations period).

AFFIRMED.

---

[***] Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).