# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 27, 2011

No. 11-10427
Summary Calendar

Lyle W. Cayce
Clerk

MOHAMMED KHALIL GHALI,

Petitioner-Appellant,

v.

UNITED STATES OF AMERICA,

Respondent-Appellee.

Appeal from the United States District Court
for the Northern District of Texas
U.S.D.C. No. 3:10-CV-1751

Before BENAVIDES, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Mohammed Khalil Ghali challenges the district court's denial of his motion to reclaim property seized by the government. We AFFIRM the district court's judgment.

**I.**

In connection with its investigation into Ghali's criminal operation, the government executed several search warrants in May 2003 and seized multiple

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-10427

items of property.  The government seized a Ford Expedition and a Lincoln Navigator; a collection of rare coins and currency worth $50,000; other currency worth approximately $168,542;[1] and a check in the amount of $23,000.[2]  These items were all administratively forfeited and either sold at auction or deposited into the Treasury Department's forfeiture fund.  The check was administratively forfeited on June 19, 2003; the currency worth approximately $168,542 was administratively forfeited on August 29, 2003; the rare coins and currency collection was administratively forfeited on September 9, 2003; and the two vehicles were administratively forfeited on October 8, 2003.

On June 18, 2003, Ghali was indicted along with nine co-defendants on nine counts, including receipt of stolen goods, interstate transportation of stolen property, and possession of goods stolen from an interstate shipment.  A superseding indictment added nine more counts for money laundering, conspiracy to commit money laundering, and criminal forefeitures.  On April 6, 2004, Ghali was convicted on all but four of these counts following a bench trial.  On February 2, 2005, he was sentenced to 168 months' imprisonment, $1500 in mandatory special assessments, and criminal forfeitures of cash and real property.

While still serving his sentence, Ghali sought return of his property by motion filed on August 17, 2010, under Rule 41(g) of the Federal Rules of Criminal Procedure.  He asked that the government return multiple identification cards allegedly seized from him in addition to all other seized

---

[1] This amount does not include $133 in currency seized from Shakar Rahhal.  After Rahhal petitioned for its return, the government returned the money to him because of its small amount.  It does include $200 seized from Ghali that appears not to be at issue in this appeal.  Ghali does not contest the government's contention that he received notice regarding the forfeiture of this $200.  Accordingly, his due process claim does not extend to this $200.

[2] While another check was seized, it was not forfeited.  Instead, it was used to compensate Sunshine Wholesale for property stolen by Ghali's organization.

items not being used as evidence. Because Ghali's criminal proceeding had concluded, the magistrate judge *sua sponte* converted Ghali's Rule 41(g) motion to an equity action brought under 28 U.S.C. § 1331.

The government moved to dismiss or, in the alternative, for summary judgment, on October 1, 2010, arguing that the items sought had been forfeited pursuant to appropriate procedures. Ghali responded on October 21, 2010, and then moved to supplement the record.

A hearing was held before the magistrate judge on January 26, 2011. First, the magistrate judge denied Ghali's request for counsel on the grounds that Ghali was able to represent himself in the matter. Then, the government called Lynnette Prado, a seized property specialist with the Department of Homeland Security who processed the property seized during the Ghali investigation. She testified that none of the property sought by Ghali had been seized from him. Several of the items sought by Ghali were, however, seized from others, and Prado said that those individuals would have received notice regarding the seizure. Specifically, she testified that the Ford Expedition, $25,914 in currency, and a $23,000 check were seized from Stephanie Ghali, Ghali's wife; that the Lincoln Navigator, the rare currency and coin collection, and currency totaling $108,805 were seized from Denise Ghali, Ghali's ex-wife; and that $33,623 in currency was seized from the apartment of an individual named Ghani Khalil. Prado testified that each of these items had been subject to administrative forfeitures conducted pursuant to applicable laws and procedures. Finally, Prado testified that the federal government did not have some of the items sought by Ghali: the government had no record of seizing camera phones or identification from Ghali, and the Texas Department of Health had seized the medication, diabetic strips, and baby formula sought by Ghali.

On January 27, 2011, the magistrate judge recommended that Ghali's motion for return of seized property be denied. The magistrate judge reasoned

that the two cars and rare coin collection were forfeited and then sold at auction pursuant to proper procedures; the United States currency and $23,000 check issued by Metro Wholesale were forfeited and deposited into the United States Treasury Forfeiture Fund pursuant to proper procedures; the medication and baby formula were seized by the Texas Department of Health, not the federal government; and the ten camera phones and the identification sought by Ghali were not seized by the government. Accordingly, the magistrate judge wrote, the government did not possess the items sought by Ghali.

Ghali objected to the magistrate judge's findings, conclusions, and recommendations on April 4, 2011. He argued that the magistrate judge improperly failed to rule on his claim that the government had violated his due process rights by failing to provide notice before undertaking forfeiture proceedings. He further asserted that the magistrate judge's denial of his request for counsel denied him his right to effective assistance of counsel, though Ghali did not specifically request that the district court grant him relief on this contention. That same day, Ghali also moved to supplement the record with affidavits from his wife and ex-wife; receipts issued by the U.S. Customs Service for the property; and the transcripts from the January 26, 2011 hearing before the magistrate judge.

On April 11, 2011, the district court accepted the findings, conclusions, and recommendation of the magistrate judge. The court wrote that "Petitioner was not listed in any record as the owner of the forfeited property and did not assert an ownership interest in them before the administrative forfeitures occurred." Accordingly, the court ruled that Ghali was not entitled to receive notice before the administrative forfeiture. The district court also denied, without explanation, Ghali's motion to supplement the record.

Ghali filed a timely notice of appeal from the district court's judgment.

No. 11-10427

## II.

Ghali challenges three aspects of the district court's ruling: first, the denial of his motion to supplement the record; second, the rejection of his claim that he was denied due process when his property was forfeited; and third, the denial of his request for legal representation. We consider each of these arguments in turn.

### A.

We review de novo a district court's ruling on statute of limitations. *Clymore v. United States*, 217 F.3d 370, 373 (5th Cir. 2000). We review a district court's denial of a motion to supplement the record for abuse of discretion. *Performance Autoplex II Ltd. v. Mid-Continent Cas. Co.*, 322 F.3d 847, 854 (5th Cir. 2003). We review the district court's denial of a motion for appointment of counsel for abuse of discretion. *See Thomas v. Comstock*, 251 F.3d 157, 157 (5th Cir. 2001).

### B.

We begin by considering Ghali's challenge to the denial of his motion to supplement the record. Ghali moved twice to supplement the record, once before the magistrate judge and once before the district court. The magistrate judge did not rule on the motion, while the district court denied it without explanation. In addition to challenging the denials of these motions, Ghali also appears to ask this court to permit him to supplement the record on appeal pursuant to Federal Rule of Appellate Procedure 10(e).

To the extent Ghali asks us to review the magistrate judge's failure to rule on his motion to supplement the record, we lack jurisdiction over this argument. We do not have jurisdiction to hear appeals directly from magistrate judges. *See United States v. Renfro*, 620 F.2d 497, 500 (5th Cir. 1980). Ghali did not discuss the magistrate judge's failure to rule on his motion in his objection to the

5

magistrate judge's findings, conclusions, and recommendation. Therefore, we cannot consider this argument.

We can, however, consider Ghali's challenge to the district court's denial of his motion to supplement the record. We have explained that district courts deciding whether to accept additional evidence after a magistrate judge's ruling should consider several factors:

> (1) the moving party's reasons for not originally submitting the evidence; (2) the importance of the omitted evidence to the moving party's case; (3) whether the evidence was previously available to the non-moving party when it responded to the summary judgment motion; and (4) the likelihood of unfair prejudice to the non-moving party if the evidence is accepted.

*Performance Autoplex,* 322 F.3d at 863. These factors weigh against holding that the district court abused its discretion. With respect to the first factor, Ghali did not point to a convincing explanation for his failure to submit the evidence before the magistrate judge. Ghali could have submitted the evidence to the court when he filed his 41(g) motion or at the evidentiary hearing before the magistrate judge, but he did not do either. While Ghali argues that he was not permitted to bring evidence to the evidentiary hearing, he acknowledges that he did not explain this to the magistrate judge. With respect to the second factor, the evidence Ghali attempted to submit does not affect our conclusion that Ghali's action was barred by the statute of limitations. Further, with respect to the third and fourth factors, the government did not have access to the evidence in the district court, preventing it from responding to Ghali's arguments that were based on that evidence. The district court did not abuse its discretion when it denied Ghali's motion to supplement the record.

Finally, to the extent Ghali argues that we should supplement the record on appeal pursuant to Federal Rule of Appellate Procedure 10(e), we

reject this argument.  The purpose of Rule 10(e) is to ensure that the record on appeal accurately reflects what happened in the district court.  *See United States v. Page*, 661 F.2d 1080, 1082 (5th Cir. 1981).  Rule 10(e) is not designed to "supply what might have been done [in the district court] but was not."  *Id.*  Here, Ghali seeks to supplement the record on appeal with evidence he argues that the district court should have considered, not evidence that it did consider.  Because this is not the intended use of Rule 10(e), we will not supplement the record on appeal with the additional evidence urged by Ghali.

## C.

We next consider Ghali's contention that his due process rights were violated when the government seized his property without providing sufficient notice.  Ghali argues that the property seized by the government in connection with his criminal proceeding belonged to him.  As proof of this, he points to the government's arguments during his criminal trial that Ghali owned the seized property.  Accordingly, he argues that the government violated his due process rights when it failed to provide him with notice before the property was forfeited.  The government responds that the statute of limitations has run on claims relating to the forfeiture because more than six years have passed since Ghali was placed on notice of the forfeiture.[3]

The six-year statute of limitations set forth in 28 U.S.C. § 2401(a) applies to actions seeking return of seized property.  The cause of action accrues when

> "[the claimant] was on reasonable inquiry notice about the forfeiture, i.e., the earlier of the following: when he has become aware that the government had declared the property forfeited, or when an inquiry that he could reasonably have been expected to make would have made him aware of the forfeiture."

---

[3] While the district court did not reach the issue of statute of limitations, we can affirm the district court's judgment for any reason supported by the record.  *Foreman v. Babcock & Wilcox Co.*, 117 F.3d 800, 804 (5th Cir. 1997).

No. 11-10427

*United States v. Wright*, 361 F.3d 288, 290 (5th Cir. 2004) (quoting *United States v. Rodriguez-Aguirre*, 264 F.3d 1195, 1211 (10th Cir. 2001)). Here, the seizures occurred in May 2003 and the administrative forfeitures occurred between June 19, 2003 and October 8, 2003. Ghali was present for one of the seizures, and he contends that he owns two of the residences searched. One forfeited vehicle was registered in his wife's name, and the other was registered in his ex-wife's name. He does not contest that he was aware of the seizures. Accordingly, under the circumstances, he was on reasonable inquiry notice of the forfeitures at the time the property was forfeited. *Cf. United States v. Rodriguez*, 220 F. App'x 338, 339 (5th Cir. 2007) (holding that cause of action accrued at time of seizure when claimant did not dispute at time of seizure that he was aware government had seized property). His August 17, 2010 motion for return of the property, which was filed more than six years after each of the forfeitures, was untimely.

## D.

Ghali further argues that the magistrate judge improperly denied his request for counsel. Before addressing the merits of this argument, we must first decide whether we can consider it. The government argues that Ghali's failure to object properly before the district court to the magistrate judge's ruling deprives us of jurisdiction over this challenge. We note, however, that in his objection to the magistrate judge's findings, conclusions, and recommendations, Ghali wrote the following: "The magistrate judge denied both request[s] and conducted the hearing in violation of the Petitioner's Sixth Amendment right to effective assistan[ce] of counsel." Because we construe the briefs of *pro se* petitioners liberally, *see Williams v. Valenti*, 432 F. App'x 298, 303 (5th Cir. 2011), we have jurisdiction to consider his argument. Ghali's contention fails even under a review for abuse of discretion, so we assume without deciding that his argument does not implicate plain error review.

Ghali does not have a right to counsel in this forfeiture proceeding. While Ghali makes much of indigent property owners' entitlement to counsel, property owners only have such a right when the property is "real property that is being used by the person as a primary residence." *See* 18 U.S.C. § 983 (b)(2)(A). None of the property sought by Ghali fits this description. With respect to property that is not used as a primary residence, the statute provides only that the court "may authorize . . ." ". . . counsel appointed . . . in connection with a related criminal case . . ." to represent a criminal defendant in the related forfeiture proceeding. Thus, the statute–which in any event is discretionary when the forfeited property is not a primary residence–only applies to a defendant who "is represented" by criminal counsel. Because Ghali was sentenced several years before he sought counsel in this forfeiture action and does not contend that he is still represented by counsel with respect to his convictions, the statute does not apply to him.

Accordingly, like other civil litigants, he was entitled to counsel only in "extraordinary circumstances." *Cooper v. Sheriff, Lubbock Cnty., Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991). The district court did not disturb the magistrate judge's ruling that extraordinary circumstances did not exist. This was not an abuse of the district court's discretion. In support of his decision, the magistrate judge explained that Ghali was adequately representing himself: "Mr. Ghali, you've been able to represent yourself fully on all these matters, including your 2255, which you filed in this court as well, and I don't see any need for you to have an attorney to represent you. You're doing just fine." The ability of Ghali to make cogent arguments and support them with relevant authority has been demonstrated in his submission to this court and the district court. Further, while this matter may not be as simple as the government urges in its brief, it is not so difficult to render it an "extraordinary circumstance." For these

reasons, denying Ghali's request for appointed counsel was not an abuse of discretion.

## III.

For the foregoing reasons, we AFFIRM the ruling of the district court.