# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-30269
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 19, 2013

Lyle W. Cayce
Clerk

GAYL THERESE PAYTON,

Plaintiff - Appellant

v.

UNITED STATES OF AMERICA,

Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:12-CV-01887-SRD-SS

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Gayl Payton appeals the district court's dismissal of her action for damages under the Jones Act for failure to state a claim. We AFFIRM.

Payton filed a complaint against the United States seeking damages under the Jones Act, 46 U.S.C. § 30101, *et seq.* Payton's original complaint contained her name and address; the phrase "This claim is under 46 USC 688"; and a demand of $500,000 for mental pain and suffering. On October 19, 2012,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-30269

the United States filed a motion to dismiss for failure to state a claim pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6).   Payton sought leave to file an amended complaint.  The amended complaint identifies the cause of action as: "Plaintiff Gayl Payton Pro Se, was employed with the Defendant from May 12, 1997 through May 23, 1999.   During this time Plaintiff was sexually assaulted and has undergone medical treatment which has been linked to this circumstance."  She also described the claim upon which relief could be granted this way: "At this time Plaintiff would like to present to the court a State of Claim upon which relief can be granted.  All expenses incurred by the Plaintiff do to these proceeding.  All past and future loss wages lost due to this incident.  Pain and suffering sustained by the Plaintiff due to this occurrence."   The district court granted Payton's motion for leave to file an amended complaint.  In the same order, in a thorough opinion that considered both the amended and the original complaint, the court granted the government's motion to dismiss for failure to state a claim.  Payton appeals.

## DISCUSSION

We review a district court's order on a motion to dismiss for failure to state a claim *de novo*.  *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007).  We accept "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999).   In order to survive a motion to dismiss pursuant to Rule 12(b)(6) a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Id.* at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Rule 8(a)(2) requires that "the 'plain statement' possess enough heft

2

to 'sho[w] that the pleader is entitled to relief.'" *Id.* at 557.  A plaintiff who brings a claim *pro se* is entitled to a liberal reading of that complaint. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  "[A] pro se complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Estelle *v. Gamble*, 429 U.S. 97, 106 (1976).  Nevertheless, the liberal *pro se* pleading standard still demands compliance with procedural standards. *See, e.g., Douglass v. United Services Auto. Ass'n.*, 65 F.3d 452, 455 n.4 (5th Cir. 1995).

Even when viewed in the context of the standards applied to *pro se* pleadings, we agree with the district court that Payton's pleadings fell "woefully short of the requirements of Rule 8(a)(2)."  Payton's initial complaint included only the statute that gave rise to the cause of action and a demand of $500,000 for mental pain and suffering.  The amended complaint, seeking relief for negligence on the part of the United States, introduces the allegation of sexual assault during the period of Payton's employment by the United States.  Payton failed to plead with any particularity the facts that gave rise to her present cause of action.  The most general of details that would explain why she is entitled to the relief requested are conspicuously absent.  The shadowy impressions and opaque suggestions of a cause of action do not satisfy the requirements of Rule 8(a)(2).  Dismissal under Rule 12(b)(6) was appropriate.

Payton supplemented the record on appeal with information pertaining to her employment at the time of the claimed incident and also documented her present medical condition.  Except in limited circumstances, we will not permit the record on appeal to be enlarged with evidence beyond that which was presented before the district court. *United States v. Flores*, 887 F.2d 543, 546 (5th Cir. 1989).  An appellant may not "supply what might have been done [in the district court] but was not" for consideration on appeal by this court.

No. 13-30269

*Ghali v. United States*, 455 F. App'x 472, 476 (5th Cir. 2011). Further, we "do[] not review issues raised for the first time on appeal." *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). We do not consider Payton's new arguments or augmented record on appeal.

Additionally, we agree with the district court's conclusion that the statute of limitations for actions brought under the Jones Act would foreclose Payton's ability to pursue this claim. Actions under the Jones Act are governed by a three-year statute of limitations. *Taurel v. Cent. Gulf Lines, Inc.*, 947 F.2d 769, 771 (5th Cir. 1991). The incident alleged by Payton is asserted to have arisen during a period of employment between 1997 and 1999. Even if Payton filed a complaint sufficient to meet the requirements of Rule 8(a)(2), the present action was filed well beyond the statutory period in which it was permitted to be brought.

We AFFIRM.

4