# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-30457
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 12, 2017

Lyle W. Cayce
Clerk

MARK HANNA,

> Plaintiff - Appellant

v.

JAMES M. LEBLANC, SECRETARY, DEPARTMENT OF PUBLIC SAFETY
AND CORRECTIONS; LOUISIANA DEPARTMENT OF PUBLIC SAFETY
AND CORRECTIONS; LOUISIANA DEPARTMENT OF MOTOR
VEHICLES,

> Defendants - Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC 3:15-CV-2851

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Mark Hanna brought a pro se 42 U.S.C. § 1983 lawsuit, alleging violations of the First and Fourteenth Amendments, against two Louisiana state agencies and the Secretary of the Department of Public Safety and

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-30457

Corrections. The district court dismissed Hanna's claims against the two agencies for lack of subject matter jurisdiction and Hanna's claims against the Secretary for failure to state a claim. We AFFIRM.

## I.

Mark Hanna's driver's license was suspended for failure to appear for or pay three traffic citations and for allowing his car insurance to lapse. In December 2015, Hanna sued the Louisiana Department of Public Safety and Corrections ("DPS&C"), the Louisiana Office of Motor Vehicles ("OMV"), and James LeBlanc, the Secretary of DPS&C, for violations of the First and Fourteenth Amendments under 42 U.S.C. § 1983. Hanna's second amended complaint alleged that the defendants violated the Equal Protection Clause, by singling him out and imposing a $100 reinstatement fee where only a $50 fee is authorized by law. *See* La. Rev. Stat. § 32:57.1. He also alleged that DPS&C violated his due process rights by failing to provide him with adequate notice and an opportunity to be heard before his license was suspended. Generously construing his pleadings and briefs, he argues that the notice given—sending first class mail to the last address furnished to the DPS&C under Louisiana Revised Statutes § 32:863(D)(1)—was not reasonably calculated to notify him because he was incarcerated at the time. He also argues that Louisiana Revised Statutes § 32:863(D) is unconstitutional to the extent that it allows monetary sanctions to be imposed on incarcerated persons for lapsed car insurance without prior notice or a hearing. Finally, Hanna alleged that sometime prior to December 2015, he filed a state-court lawsuit challenging the fees imposed on him. Before filing the lawsuit, Hanna claims that the OMV told him his license was suspended pending remittance of the fees. Hanna claims that he appeared at the OMV's office in Ruston, Louisiana, in December 2015 to pay the reinstatement fees, but the OMV refused to accept his payment

2

because he had filed the state lawsuit. Hanna alleges this retaliatory act violated his First Amendment rights.

The case was referred to a magistrate judge who recommended the district court dismiss the claims against the two state agencies for lack of subject matter jurisdiction based on state sovereign immunity and dismiss Hanna's claims against LeBlanc for failure to state a claim. The magistrate judge also denied Hanna leave to amend his claims to add various unidentified John and Jane Doe state employees to his complaint. The district court adopted the magistrate judge's report and recommendation, and accordingly dismissed Hanna's claims against the three defendants and denied leave to amend. Hanna filed a timely appeal.

## II.

"We review a district court's dismissal of a complaint under Rules 12(b)(1) and (6) *de novo*, taking the allegations of the dismissed complaint to be true." *Johnson v. Hous. Auth. of Jefferson Par.*, 442 F.3d 356, 359 (5th Cir. 2006).

## III.

The district court did not err when it dismissed Hanna's claims against DPS&C and OMV based on a lack of subject matter jurisdiction under the Eleventh Amendment. Absent consent, federal courts generally lack jurisdiction to hear lawsuits against a state by that state's own citizens or citizens of another state. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 97–98 (1984). There is no indication that Louisiana has consented to have this lawsuit heard in federal court, *see* La. Rev. Stat. § 13:5106(A), and § 1983 does not abrogate state sovereign immunity, *see Quern v. Jordan*, 440 U.S. 332, 345 (1979). DPS&C, as a Louisiana executive department, and OMV, as a division within that department, are entitled to the Eleventh Amendment's protection. *See Champagne v. Jefferson Par. Sheriff's Office*, 188

No. 17-30457

F.3d 312, 313–14 (5th Cir. 1999) (per curiam); *Neuwirth v. La. State Bd. of Dentistry*, 845 F.2d 553, 556 (5th Cir. 1988).

### IV.

The district court did not err when it dismissed Hanna's claims against LeBlanc for failure to state a claim. Hanna's claim against LeBlanc in his individual capacity relies on a showing that LeBlanc participated in the alleged wrong or that his wrongful actions "were causally connected to the deprivation." *See James v. Tex. Collin County*, 535 F.3d 365, 373 (5th Cir. 2008). Hanna's complaint, even if construed generously, does not allege facts indicating that LeBlanc participated in or was connected to any of the alleged wrongs.

With respect to the allegedly unauthorized $100 fee and the decision not to reinstate Hanna's license when he appeared in Ruston, nothing in the Hanna's amended complaint or the attached documents indicates that LeBlanc participated in or was connected to those decisions. Hanna's due process claim fails for the same reason. The district court observed that due process in this circumstance may require fair notice and an opportunity to be heard. *See Mathews v. Eldridge*, 424 U.S. 319, 332–35 (1976). Hanna does not argue that the issuance of first-class mail to his last address furnished to the DPS&C pursuant to Louisiana Revised Statutes § 32:863(D)(1) would not, in "most circumstances," constitute fair notice. *See Armendariz-Mata v. U.S. Dep't of Justice*, 82 F.3d 679, 683 (1996). Rather, he argues that in light of his incarceration, sending first-class mail to his last address was not "reasonably calculated" to notify him of the sanctions and his opportunity to be heard. *See id.* at 682–83 (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). However, whether LeBlanc can be deemed to have participated in failing to take actions reasonably calculated to give Hanna notice depends on LeBlanc's personal knowledge. *See Armendariz-Mata*, 82

4

F.3d at 683. Hanna pleads no facts that indicate LeBlanc knew Hanna was incarcerated. Without knowledge that Hanna was incarcerated, LeBlanc would have no reason to believe that the first-class mail would be inadequate.

The district court also properly denied Hanna leave to amend his complaint to add unidentified John and Jane Doe DPS&C and OMV employees as defendants. The magistrate judge correctly determined that such an amendment would be futile. The Johns and Janes Doe would eventually have to be replaced with real persons. At such a time, the one-year statute of limitations would have run: § 1983 borrows the state statute of limitations for general personal injury actions, *see Walker v. Epps*, 550 F.3d 407, 411 (5th Cir. 2008), and Louisiana's is one year, La. Civ. Code art. 3492; *see Elzy v. Roberson*, 868 F.2d 793, 794 (5th Cir. 1989). While Federal Rule of Civil Procedure 15(c) can save an otherwise untimely amendment from being time barred, that amendment must relate back to the original pleading. An amendment to replace a John or Jane Doe with a real defendant would not relate back under Rule 15(c). *Whitt v. Stephens County*, 529 F.3d 278, 282–83 (5th Cir. 2008). Rule 15(c) requires a "mistake concerning the identity of the proper party" and using John or Jane Doe is not a "mistake." *See id.* at 283 (quoting *Jacobson v. Osborne*, 133 F.3d 315, 320–21 (5th Cir. 1998)).

Finally, contrary to the arguments Hanna raises for the first time on appeal, we find no basis to conclude that either the magistrate judge or district court judge was partial or should otherwise be disqualified. *See* 28 U.S.C. § 455(a).

## V.

For the foregoing reasons, the judgment of the district court is AFFIRMED.