# United States Court of Appeals for the Fifth Circuit

———————

No. 24-40720
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
April 9, 2026

Lyle W. Cayce
Clerk

Gary Lynn McDuff,

*Petitioner—Appellant*,

*versus*

S. Robinson, *Warden, Federal Correctional Institute Beaumont Low*,

*Respondent—Appellee*.

———————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:22-CV-133

———————————————————

Before Richman, Southwick, and Willett, *Circuit Judges*.

Per Curiam:[*]

Gary Lynn McDuff, former federal prisoner #59934-079, appeals the district court's dismissal of his 28 U.S.C. § 2241 habeas petition as moot. He also moves to supplement the record on appeal. We AFFIRM the district court's dismissal of McDuff's petition, MODIFY the judgment to a

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-40720

dismissal without prejudice, and DENY the motion to supplement the record.

## I. Dismissal of the § 2241 Habeas Petition

McDuff properly presents two separate but related issues on appeal: (1) whether earned timed credits (ETCs) under the Fair Sentencing Act must be awarded for productive activities completed before the enactment of the Act; and (2) whether ETCs, whenever earned, must be applied to reduce a prisoner's term of supervised release. Because McDuff's remaining issues are inadequately briefed, he has forfeited review of them. *See Schnell v. State Farm Lloyds*, 98 F.4th 150, 161 (5th Cir. 2024) (stating that a party may forfeit an argument through inadequate briefing by failing to cite to pertinent legal authority or to the record).

We review a dismissal for lack of subject-matter jurisdiction *de novo. Crane v. Johnson*, 783 F.3d 244, 250 (5th Cir. 2015). Article III of the Constitution limits federal jurisdiction to actual cases and controversies. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Because mootness implicates Article III's case-or-controversy requirement, it is a jurisdictional issue. *Goldin v. Bartholow*, 166 710, 717 (5th Cir. 1999). As here, a case becomes moot "when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *United States v. Heredia-Holguin*, 823 F.3d 337, 340 (5th Cir. 2016) (en banc) (internal quotation marks and citation omitted).

McDuff's § 2241 habeas petition and related pleadings sought only transfer to a residential reentry facility or home confinement based on ETCs earned prior to enactment of the Act. That request became moot when McDuff was transferred to home confinement. *See New York State Rifle & Pistol Ass'n, Inc. v. City of New York*, 590 U.S. 336, 338–39 (2020) (holding that plaintiffs' claims for declaratory and injunctive relief were mooted when they received the "the precise relief [they] requested"). Because the district

2

court could no longer grant any effectual relief, it correctly dismissed his § 2241 habeas petition as moot. *See Heredia-Holguin*, 823 F.3d at 340.

As for McDuff's argument that his ETCs—whether earned before or after the Act's enactment—must be used to reduce his term of supervised release, he failed to raise that issue in his § 2241 petition or in an amended petition. He sought only to use ETCs to obtain transfer to a halfway house or home confinement. And "even a *pro se* appellant cannot raise new theories for relief for the first time on appeal." *Collins v. Dall. Leadership Found.*, 77 F.4th 327, 330 n.2 (5th Cir. 2023); *see also Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999) (per curiam) (holding that we do not consider new legal theories raised for the first time on appeal). Accordingly, we do not consider McDuff's new theory of relief.

## II. Modification of the Final Judgment

The district court's judgment did not specify whether the dismissal was with or without prejudice. Because the district court dismissed on jurisdictional grounds, the proper disposition is dismissal without prejudice. *Mitchell v. Bailey*, 982 F.3d 937, 944 (5th Cir. 2020), *as revised* (Dec. 30, 2020); *see also Abdullah v. Paxton*, 65 F.4th 204, 208 n.3 (5th Cir. 2023) (per curiam) (recognizing that "dismissals based on jurisdictional issues must, by their very nature, be without prejudice" (quoting *Warnock v. Pecos Cnty.*, 88 F.3d 341, 343 (5th Cir. 1996)). Remand is unnecessary to correct that omission. "[N]nothing in the analysis of the court[] below turned on the [omission]," so "remand would only require a new . . . label for the same . . . conclusion." *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247, 254 (2010). We therefore MODIFY the judgment to reflect a dismissal without prejudice.

No. 24-40720

### III. Motion to Supplement the Record

McDuff also seeks leave to file a supplemental appendix containing documents generated after he filed his notice of appeal. But Federal Rule of Appellate Procedure 10(e) permits supplementation to ensure that the record accurately reflects what occurred in the district court, not to add evidence never presented there. *See United States v. Smith*, 493 F.2d 906, 907 (5th Cir. 1974) (per curiam); *Ghali v. United States*, 455 F. App'x 472, 476 (5th Cir. 2011). "New proceedings of a substantive nature, designed to supply what might have been done but was not, are beyond the reach of the rule." *United States v. Page*, 661 F.2d 1080, 1082 (5th Cir. 1981). Because we "decline to consider the merits of issues based on new evidence furnished for the first time on appeal," McDuff's motion is DENIED. *United States v. Rudolph*, 103 F.4th 356, 362 (5th Cir. 2024) (internal quotation marks and citation omitted).

\* \* \*

Accordingly, we AFFIRM the district court's dismissal of McDuff's § 2241 petition as moot, MODIFY the judgment to reflect a dismissal without prejudice, and DENY McDuff's motion for leave to file a supplemental appendix.

4